CHRISTIAN SPRING *v.* WILLIAM BAKER.

Upon appeal from a judgment rendered by default in a district court, the justice's return showed that the summons and complaint, verified, were returned, by a constable of the city, duly served, and that, the defendant not appearing on the return day, judgment was rendered for the plaintiff for the amount claimed, without further proof. The complaint was neither set out in the return nor referred to as annexed. *Held*, insufficient.

Where judgment is rendered in a district court without proof, and on default, upon a constable's return of the personal service of a summons and complaint, the statute must be strictly complied with. The justice's return, in such a case, should show that a copy of the complaint was served, verified by the party pleading, or his agent or attorney, as the case may be. A mere return that the summons was served with the complaint is not sufficient.

And the return should either set out the complaint served, or, if it is annexed thereto, should refer to it as the complaint upon which judgment was rendered.

Whether a claim for a balance of account, on a settlement of partnership affairs, is assignable. *Quære? per Daly, First Judge.*

APPEAL by defendant from a judgment entered by default in the Second District Court. The return of the justice stated that a summons was duly issued, requiring the defendant to appear and answer, &c.; "that the said summons was, by the return, duly made thereon by R. Carpenter, one of the constables of the city and county of New York, certified to have been served, with the complaint verified, on the defendant in person in the city of New York, on the 12th day of June, 1857;" that on the return

Spring v. Baker.

day the plaintiff appeared, but the defendant did not, whereupon judgment was rendered for the plaintiff for the amount specified in the summons and complaint, without further proof. A verified complaint, entitled in the cause, was attached to the return, but was not referred to therein. This complaint averred that the defendant was indebted to one —— Cornell in the sum of $47, " on an account, for the settlement of the closing of a partnership of the firm of Baker & Cornell," which account and claim were assigned by Cornell to the plaintiff " on or about the —— day of ——," and averred a demand of payment thereof from the defendant, and a refusal by him to pay.

*John Baker*, for the appellant.

*Peterson and McConnell*, for the respondent.

DALY, FIRST JUDGE.—The return does not show that the complaint upon which the judgment was rendered was served with the summons, or upon what complaint the judgment was given. It does not show that the complaint was verified by the oath of the party pleading, or by whom it was verified, or even state that it was duly verified. The return is simply that the summons was, by the constable's return, certified " to have been served with the complaint verified."

Under the new provision, by which, in cases of default, judgment may be taken upon the complaint without proof, it must appear that the statute has been strictly complied with. What appears to have been a complaint is annexed to the return, but it is not stated to have been the complaint served, or upon which the judgment was rendered. *Litchfield* v. *Burwell and others*, 5 How. Pr. R. 341. If it was, it was insufficient, as it does not aver when the claim in suit was assigned to the plaintiff; and, even if that had been averred, I think it doubtful whether it states sufficiently any cause of action which could have been the subject of an assignment.

Judgment reversed.